IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
******************************************
                                           *
JAMES HAIDAK,                              *
                                           *
        Plaintiff                          *
                                           *
                                           *
v.                                         *
                                           *     CIVIL ACTION NO. 14-CV-30049-
UNIVERSITY OF MASSACHUSETTS                *     MAP
AT AMHERST; ENKU GELAYE, DAVID             *
C. VAILLANCOURT, ALLISON BERGER            *
and PATRICIA CARDOSO                       *
                                           *
                                           *
        Defendants                         *
                                           *
******************************************
```

## PLAINTIFF'S MOTION TO COMPEL ADDITIONAL ASSAULT DATA

Now comes Plaintiff James Haidak and respectfully requests that this Honorable Court issue an order compelling Defendant University of Massachusetts ("the University") to produce additional data concerning the adjudication of assault charges from July 1, 2010 to June 30, 2011. As reasons therefor, it is stated that on November 23, 2015, the Court issued an electronic order granting in part and denying in part Plaintiff's Motion to Compel the Production of Documents. (*See* Dkt. No. 95.) That order stated:

> For the reasons stated in court this day, the defendants will produce to plaintiff, by December 16, 2015, data concerning charges of physically assaultive conduct by students at the University of Massachusetts from July 1, 2011 through October 31, 2015. The data will show the gender of the charged student; the gender of the charging student; the conduct charged (some definition of physical assault); whether the charged student was found responsible or not responsible; and the sanction imposed if the student was found responsible. The data produced will not include identifying information as to the charged and charging students. Plaintiff is not precluded from seeking further information concerning the incidents

1

      identified by the University in its production should it be necessary to do so to defend any statistical analysis of the data produced.

(*Id.*)

The University subsequently produced a spreadsheet containing said data. Among other things, it reveals that eleven of the sixty-one males found responsible for physical assaults were expelled from the University. Conversely, none of the twenty-one females found responsible for assaults were expelled. Plaintiff retained a statistician, Herbert I. Weisberg to analyze the statistical significance, if any, of such data. Dr. Weisberg has now completed a preliminary analysis. In his opinion, the data suggest the existence of gender-based disparities. However, to reach a more definitive inference would require data pertaining to a larger number of cases.

On October 20, 2016, undersigned counsel sent defense counsel an email requesting the production of data reflecting the adjudication of assault charges under Section II.B.1.a of the 2008-2011 Codes of Student Conduct. These cases were previously identified by a University official on a redacted spreadsheet furnished by the defense during discovery. (*See* Dkt. No. 93, Allen Aff., Exs. 5 and 7.) During a Rule 37.1(a) conference on October 24, 2016, defense counsel declined to produce this documentation citing the labor such a production would entail. When undersigned counsel offered to limit the request to a single year's worth of additional data, defense counsel acknowledged that this would be less onerous but still declined to voluntarily produce it.

Based on the foregoing, Plaintiff respectfully requests that this Honorable Court allow this motion and order the University to produce additional data concerning the adjudication of assault charges from July 1, 2010 to June 30, 2011.

## "REQUEST FOR ORAL ARGUMENT"

Plaintiff believes "oral argument may assist the court and wishes to be heard." U.S. Dist. Ct. Rules, D. Mass., Local Rules 7.1(d). Mr. Haidak would therefore request that his Motion to Compel be scheduled for a hearing at the Court's earliest convenience.

**THE PLAINTIFF**

By: /s/ Luke Ryan
LUKE RYAN, BBO# 664999
SASSON, TURNBULL, RYAN & HOOSE
100 Main Street, 3rd Floor
Northampton, MA 01060
(413) 586-4800
(413) 582-6419 [FAX]

## CERTIFICATION PURSUANT TO FED. R. CIV. P. 37(a)(1) AND U.S. DIST. CT. RULES, D. MASS., LOCAL RULES 7.1(A)(2), 26.2(C), AND 37.1(a)-(b)

Plaintiff, James Haidak, by and through undersigned counsel, hereby certifies that prior to filing his Motion to Compel Discovery, he complied with the provisions of the above-referenced rules by conferring in good faith with defense counsel in a reasonable effort to reach agreement and/or narrow the areas of disagreement with opposing counsel and obtain the discovery sought without court action.

/s/ Luke Ryan
Luke Ryan

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing, filed through the Electronic Case Filing System, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on October 28, 2016.

/s/ Luke Ryan
Luke Ryan